UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAO YE,<br>Petitioner,<br>v.<br>CHRISTOPHER J. LAROSE, et al.,<br>Respondents. | No. 1:26-cv-05291-DJC-SCR<br><br><u>RELEASE ORDER</u><br>A#: 241-304-275 |

Before the Court is a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) filed by a noncitizen who has been detained by Immigration and Customs Enforcement ("ICE") pursuant to 8 U.S.C. § 1225(b).

Petitioner is a citizen of China who has been detained continuously since entering the United States in December 2024. (Opp'n (ECF No. 15) at 1–2). While detained, Petitioner applied for relief from removal in Immigration Court, was denied, and timely appealed the denial to the Board of Immigration Appeals. (*Id.* at 2.) Respondents are detaining Petitioner under 8 U.S.C. § 1225(b)(1)(B)(ii), which they argue mandates detention without a bond hearing. (*Id.*) Petitioner has been detained for He has remained detained for over twenty-one months. He has not received a bond hearing. (Traverse (ECF No. 16) at 18.)

///

Petitioner's Due Process claim is similar to ones this Court has already addressed. This Court has previously joined other districts in concluding that the unreasonably prolonged detention of individuals under section 1225(b) without a bond hearing can violate the Due Process Clause. *See Mohammed v. Warden of Cal. City Det. Ctr.*, No. 1:26-cv-00118-DJC-CSK, 2026 WL 192368 (E.D. Cal. Jan. 26, 2026); *see also Choudhary v. Chestnut*, No. 1:26-cv-01770-DJC-CKD, 2026 WL 816711 (E.D. Cal. Mar. 24, 2026); *see also Martinez v. Clark,* No. 2:18-cv-01669-RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019) (citation omitted), *report and recommendation adopted* 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) ("[E]ssentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process") (quotation omitted).

To determine if Petitioner's due process rights have been violated, the Court must answer two questions: "the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews,* No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. Jul. 14, 2025).

Petitioner has a clear liberty interest in his freedom from detention. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Petitioner faces indefinitely prolonged detention while administrative and possibly judicial review of his claims for relief plays out. As Petitioner has been deprived of the liberty secured by the Due Process Clause and this deprivation will continue for a protracted and indefinite period, Petitioner has established his liberty interest. *See Zadvydas*, 533 U.S. at 690, 693.

The Court next determines whether Petitioner is entitled to due process under the Constitution and the nature of that process. The Court finds it "most appropriate

to apply the *Banda* test to Petitioner's detention here under § 1225(b), as other courts within this district have done in the past." *Sandesh v. LaRose*, No. 3:26-cv-00846-JES-DDL, 2026 WL 622690, at *3 (S.D. Cal. Mar. 5, 2026) (collecting cases). Under the *Banda* test, courts weigh the following factors to ascertain when prolonged detention violates the Due Process Clause: "(1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal." *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019);

First, the length of detention, which is "the most important factor," weighs in Petitioner's favor as Petitioner has remained detained since December 2024, for almost 22 months. *Zadvydas*, 533 U.S. at 701. That length of time exceeds that other courts in this Circuit have found sufficiently prolonged to warrant relief. *See, e.g., Mohammed*, 2026 WL 192368, at *3 (ordering bond hearing after seventeen months' detention)*; Diep v. Wofford*, No. 1:24-cv-01238-SKO, 2025 WL 604744 (E.D. Cal. Feb. 25, 2025) (ordering bond hearing for noncitizen detained under 8 U.S.C. § 1226(c) for 13 months); *A.E. v. Andrews*, No. 1:25-cv-00107-KES-SKO, 2025 WL 1424382 (E.D. Cal. May 16, 2025) (ordering bond hearing for citizen detained under 8 U.S.C. § 1225(b) for 20 months); *see also Amado v. United States Dep't of Just.*, No. 3:25-cv-02687-LL-DDL, 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025) (explaining that "[c]ourts have found detention over seven months without a bond hearing weigh toward a finding that it is unreasonable" and collecting cases).

The second factor requires consideration of "how long the detention is likely to continue absent judicial intervention; in other words, the anticipated duration of all removal proceedings including administrative and judicial appeals." *Martinez*, 2019 WL 5968089, at *9. Petitioner's appeal of the Immigration Judge's decision remains pending with the Board of Immigration Appeals. (Opp'n at 2.) Furthermore, either

party may seek Ninth Circuit review of the Board of Immigration Appeals' decision. Therefore, Petitioner faces indefinitely prolonged detention while administrative and potentially judicial appeals of his removal order are decided. This factor weighs in Petitioner's favor. *Loba L.M. v. Andrews*, No. 1:25-cv-00611-JLT-SAB-HC, 2025 WL 2939178, at *6 (E.D. Cal. Oct. 16, 2025), *report and recommendation adopted*, No. 1:25-cv-00611-JLT-SAB, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025) (finding that "[a]lthough future events are difficult to predict, the Court nevertheless finds that the pending appeal before the BIA and possible remand to the immigration court for further proceedings or possible judicial review by the Ninth Circuit will be sufficiently lengthy such that this factor weighs in favor of Petitioner"); *Bojorge-Sequeira v. Geo Grp. Inc.*, No. 2:25-cv-01807-KKE-GJL, 2026 WL 288378, at *5 (W.D. Wash. Jan. 15, 2026), *report and recommendation adopted*, No. 2:25-cv-01807-KKE-GJL, 2026 WL 285657 (W.D. Wash. Feb. 3, 2026) (finding this factor weighed in favor of petitioner who had appealed the Immigration Judge's decision to the BIA).

The third factor considers the conditions of the detention facility where Petitioner is detained. *Martinez*, 2019 WL 5968089, at *9. "The more that conditions under which the [noncitizen] is being held resemble penal confinement, the stronger his argument that he is entitled to a bond hearing." *Id.* (citation omitted). Petitioner argues that this factor favors him as "he is confined in a secure civil detention facility and cannot live or work in the community while litigating his appeal." (Traverse at 15). "[T]he circumstances of [noncitizens'] detention are similar, so far as we can tell, to those in many prisons and jails." *Jennings v. Rodriguez*, 583 U.S. 281, 329 (2018) (Breyer, J., dissenting). Moreover, the Ninth Circuit has noted "evidence of subpar medical and psychiatric care in ICE detention facilities." *Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017). The facility housing Petitioner, the Otay Mesa Detention Facility, is no exception. "Courts have recognized that the conditions at OMDC [Otay Mesa Detention Center] are 'indistinguishable from penal confinement.' " *Safinejad v. LaRose*, No. 26-CV-531-JES-AHG, 2026 WL 280217, at *4 (S.D. Cal. Feb. 3, 2026)

(citing *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 773 (S.D. Cal. 2020) and *Amado v. United States Dep't of Just.*, No. 25CV2687-LL(DDL), 2025 WL 3079052, at *6 (S.D. Cal. Nov. 4, 2025)). Detainees at the Otay Mesa Detention Center reported "being served expired food at mealtime, inadequate medical care, moldy showers, lack of access to hygienic clothes and footwear, a pattern of retaliation, and other conditions causing or exacerbating illnesses and injuries." *Mendez v. U.S. Immigr. & Customs Enf't*, No. 23-CV-00829-TLT, 2023 WL 2604585, at *1 (N.D. Cal. Mar. 15, 2023) (quotations omitted). The penal nature of Petitioner's confinement thus favors granting him a bond hearing.

The fourth and fifth factors consider the nature and extent of any delays in the removal proceedings caused by Petitioner and the Government, respectively. "Nothing in the Opposition identifies a missed hearing, a frivolous continuance request, a refusal to proceed, or any tactic designed merely to extend custody." (Traverse (ECF No. 16) at 7). Courts distinguish between "legitimate defenses" to removal, which "cannot undermine [a petitioner's] claim that detention has become unreasonable" and "dilatory" or "bad faith" tactics to "deliberately slow the proceedings." *See Martinez*, 2019 WL 5968089, at *10. "Petitioner is entitled to raise legitimate defenses to removal . . . and such challenges to his removal cannot undermine his claim that detention has become unreasonable." *Id.* at *10. And although Petitioner points to no steps the Government has taken in bad faith to delay these proceedings, to the extent any delay is caused by the immigration court and BIA's processing times, this delay is attributable to the Government. *Id.* Thus, the fourth factor is neutral and the fifth favors Petitioner.

Finally, the sixth factor is neutral as the Court lacks sufficient information to assess the likelihood that Petitioner's removal proceedings will result in a final order of removal and, therefore, declines to do so. *See Sarr v. Scott*, 765 F. Supp. 3d 1091, 1109 (W.D. Wash. 2025) (declining to speculate as to the merits of Petitioner's appeal

to the Ninth Circuit after the Immigration Judge and the BIA found Petitioner removable).

The balance of the factors favors Petitioner. Four of the six factors weigh in Petitioner's favor and two are neutral. Stated differently, every load-bearing factor supports Petitioner while none weigh in the Government's favor. Having established Petitioner has a liberty interest and determined that his prolonged and indefinite detention entitles him to process, the Court orders Petitioner's immediate release from custody.

## CONCLUSION

IT IS HEREBY ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is granted as to Count Three.
2. Respondents are ordered to immediately release Petitioner Chao Ye from custody and return all of Petitioner's documents and possessions.
3. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner without a change in circumstances to warrant Petitioner's re-detention.
4. The Clerk is directed to serve Otay Mesa Detention Center with a copy of this Order.
5. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **September 11, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC10– Ye26-126cv-05291.merits